# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Benjamin J. Hill, | Civ. No. 15-3323 (DSD/BRT) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Department of Corrections, | |
| Respondent. | |

---

Benjamin J. Hill, Sherburne County Jail, 13880 Business Center Drive, Elk River, MN 55330, *pro se* Plaintiff.

Matthew Frank, Esq., Minnesota Attorney General's Office, counsel for Department of Corrections.

Jean Marie Whitney, Esq., Minnesota Department of Corrections, counsel for Department of Corrections.

BECKY R. THORSON, United States Magistrate Judge.

This matter is before the undersigned United States Magistrate Judge on Hill's petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1.) The case has been referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that this action be dismissed without prejudice pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

## I.  BACKGROUND

Hill is challenging a Department of Corrections revocation hearing that was held on February 6, 2015.[2] (Doc. No. 1, Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (hereinafter "Petition") at 2.)  Hill appears to be seeking a writ of habeas corpus that would overturn the revocation decision, restore his supervised release, and release him from prison.  Hill provides four grounds for challenging the revocation decision:  (1) he disputes the facts involving contact with a woman who was at his house; (2) he disputes the facts involving a wooden stick that was allegedly in his car; (3) he disputes whether he failed to get the required permission to buy a car; and (4) he believes prior criminal charges should not have been used against him during the hearing.[3]  (Petition at 6-11.)  Hill states that he appealed the revocation decision to the Executive Hearing Officer and that appeal was denied.[4] (Petition at 3.)

---

[2]      Hill was originally convicted on two counts of possession of a firearm by an ineligible person.  *State v. Hill*, 2014 WL 2013406 *1 (Minn. Ct. App. 2014) (unpublished opinion).  He was sentenced to two concurrent 60-month prison terms.  *Id.* at *2.  The Minnesota Court of Appeals affirmed his convictions on May 19, 2014, and review was denied by the Minnesota Supreme Court on August 5, 2014.  Hill filed a federal habeas corpus petition for this underlying case as well, which was denied by this Court on August 11, 2015.

[3]      Hill does not provide a constitutional basis for any of the grounds for his petition.

[4]      A DOC revocation hearing or an "HRU hearing" is a hearing conducted by the Hearing and Review Unit of the Minnesota Department of Corrections.  Such hearings are conducted when Minnesota prisoners are accused of violating the conditions of supervised release.  If an HRU hearing officer determines that a previously-released inmate has violated the conditions of his release, the inmate can be returned to prison. *See e.g. Truelson v. Fabian*, 2008 WL 933543 at *1 (Minn.App. 2008) (unpublished opinion) (prisoner returned to prison after HRU officer found that he had violated the conditions of his release).  In Hill's case, Hill states that he appealed the hearing officer's

Hill's petition in this case essentially duplicates a petition in a previous case that was closed in June 2015 for failure to exhaust state court remedies.[5]  After that case was closed, Hill attempted to file materials in Minnesota state court.  Although it is not clear which documents Hill included in the materials to the Minnesota state court, they were returned to Hill because the state believed they were "intended for United States (Federal) District court filing."  *Id.* at Doc. No. 1-1 at 5.  Rather than correct any state court filing and exhaust his state court remedies, Hill has returned to this Court, presumably hoping that he has exhausted his state court remedies by attempting to file materials in state court.  As set forth below, Hill has not established that he has challenged the revocation decision in any state court proceedings and dismissal without prejudice is recommended.

## II.  EXHAUSTION OF REMEDIES

As explained in Hill's prior petition, Hill's petition cannot be entertained in federal court unless he has fully exhausted all of his available state court remedies, including his right to seek appellate review in the Minnesota Court of Appeals and the Minnesota Supreme Court.  *See* 28 U.S.C. § 2254(b)-(c); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("[T]he prisoner must fairly present his claim in each appropriate state court

---

determination to an Executive Hearing Officer.  This was an administrative appeal, not an appeal in the state courts.

[5]       In that case, Hill challenged the same February 6, 2015 revocation hearing.  In an order dated May 26, 2015, the Court directed Hill to provide all materials that indicated he had exhausted his remedies in state court.  *Hill v. DOC*,        15-CV-2338 at Doc. No. 4.  (D. Minn. 2015.) Hill then requested that his case be closed so he could pursue his petition in state court.  *Id.* at Doc. Nos. 6-7.

(including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim" (quotation omitted)); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). Because federal courts will not entertain unexhausted habeas corpus claims, petitions that include such claims are subject to summary dismissal under Rule 4 of the Governing Rules.

Here, Hill's failed attempt to file his federal habeas petition in state court is not sufficient to satisfy the exhaustion requirement. If a Minnesota state prisoner believes that he is being illegally detained pursuant to an invalid revocation of his parole or supervised release, and he believes that he should therefore be released from prison, he can seek relief by applying for a writ of habeas corpus in state court under Minn.Stat. § 589.01. *See Kelsey v. State*, 283 N.W.2d 892, 894-95 (Minn.App. 1979) (holding that state habeas corpus is an appropriate remedy for reviewing denial of parole); *see also Harju v. Fabian*, 2006 WL 2255898 at *1 (Minn.App. 2006) (unpublished opinion) ("[a]n offender whose conditional release has been revoked may seek review of the revocation by petitioning the district court for a writ of habeas corpus... [and a] denial of a writ of habeas corpus may be directly appealed"); *Larson v. Fabian*, 2006 WL 1320474 (Minn.App. 2006) (unpublished decision) (challenge to allegedly improper revocation of

-4-

intensive supervised release considered in a state court habeas corpus proceeding); *State ex rel. Costello v. Roy*, 2011 WL 5119379 (Minn.App. 2011) (unpublished opinion) (same).[6]  Moreover, if a petitioner is not granted relief under § 589.01 at the state trial court level, he can seek further review of his claims in the Minnesota Court of Appeals, and, if necessary, in the Minnesota Supreme Court.  Minn.Stat. § 589.29; Minn. R. App. P. 117.

Thus, Hill has not exhausted his available state court remedies for his current habeas corpus claims as required by 28 U.S.C. § 2254(b).  Because Hill has not satisfied the exhaustion of state court remedies requirement, the Court must recommend that this action be summarily dismissed.  However, it is recommended that the action be dismissed without prejudice so that Hill can later return to federal court (if necessary) after he has exhausted his state court remedies for every claim that he seeks to raise in federal court. *See Gray v. Hopkins*, 986 F.2d 1236, 1237 (8th Cir.), *cert. denied*, 510 U.S. 839 (1993).[7]

---

[6]      In *Costello*, the Minnesota Court of Appeals held that "a petition for a writ of habeas corpus may be used to obtain relief only for constitutional violations or jurisdictional defects, not for violations of statutes or other sources of law."  2011 WL 5119379 at *3.  This limitation on the remedy provided by Minnesota's state habeas corpus statute is consistent with federal law, because only federal constitutional claims can be raised in a federal habeas petition. *See Wainwright v. Goode*, 464 U.S. 78, 83 (1983) (*per curiam*) ("[i]t is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension").  As previously noted, the constitutional basis for Hill's habeas claims is not delineated in Hill's petition.

[7]      Petitioner is again reminded that he will not satisfy the exhaustion requirement unless he pursues every available avenue of appellate review (assuming relief is not granted at the state district court level) including a petition for review in the Minnesota Supreme Court. *O'Sullivan*, 526 U.S. at 845.

## III.  CERTIFICATE OF APPEALABILITY

A state prisoner cannot appeal an adverse ruling on a federal habeas corpus petition unless he is granted a Certificate of Appealability, ("COA").  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In this case, it is virtually certain that no other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than they have been decided here.  Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review.  It is therefore recommended that Petitioner should not be granted a COA in this matter.

## IV.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, IT IS HEREBY RECOMMENDED that:

1.     Petitioner's habeas corpus petition (Doc. No. 1) be DENIED;

2.     This action be DISMISSED WITHOUT PREJUDICE;

3.     Petitioner's IFP application (Doc. No. 4) be denied as moot; and

4.     Petitioner NOT be granted a Certificate of Appealability.

Dated: September 25, 2015                    *s. Becky R. Thorson*_____
                                             Becky R. Thorson
                                             United States Magistrate Judge


## <u>NOTICE</u>

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.
Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.